Signed as modified by the Court.

**This order is SIGNED.**

**Dated: November 6, 2026**

**PEGGY HUNT**
**U.S. Bankruptcy Judge**

*aep*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In Re:<br><br>EVERY BLOOMING THING, LLC,<br><br>Debtor in Possession. | Bankruptcy No. 26-22079<br>Chapter 11 (Subchapter V)<br><br>Trustee (Kevin S. Neiman)<br><br>FILED ELECTRONICALLY<br><br>Hon. Peggy Hunt |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER CONFIRMING DEBTOR'S AMENDED PLAN OF REORGANIZATION DATED AUGUST 28, 2026, AS MODIFIED**

The *Debtor's Amended Plan of Reorganization Dated August 28, 2026, As Modified,* [**Dkt. No. 70**] (the "Plan") proposed by the Debtor and Debtor in Possession, Every Blooming Thing, LLC (the "Debtor") came on for hearing on October 28, 2026 (the "Confirmation Hearing"). Appearances were noted on the record. Evidence was received and representations were made.

Based on the Plan, the *Notice of Hearing* [**Dkt. No. 72**] and Certificate of Service related to the Notice of Hearing [**Dkt. No. 73**] the *Report of Balloting* [**Dkt. No. 82**], the *Declaration of Robert Upwall in Support of Confirmation of the Debtor's Amended Plan of Reorganization Dated August 28, 2026, As Modified* [**Dkt. No. 83**] and the evidence received, as well as the record in this case and the applicable law, the Court hereby adopts these findings of fact and conclusions of law.[1]

[1] Findings of fact and conclusions of law are made under Fed. R. Civ. P. 52, made applicable here by Fed. R.

**THE COURT HEREBY FINDS:**

1. Jurisdiction and Venue. This Court has jurisdiction over the above-captioned case (the "Bankruptcy Case") pursuant to 28 U.S.C. §§ 157(a) and 1334(b) and DUCiv R 83-6.1. The Court may hear and determine this matter by entry of a final order because it is a core proceeding as it arises under title 11 of the United States Code (the "Bankruptcy Code"), arises in the Bankruptcy Case, and is defined as a "core proceeding" under 28 U.S.C. § 157(b)(2)(L). Venue of the Bankruptcy Case is proper in this District pursuant to 28 U.S.C. § 1408.

2. Transmittal and Mailing of Materials; Notice. All due, adequate, and sufficient notices of the Plan and the Confirmation Hearing, including all deadlines for voting on, or filing objections to the Plan, have been given to all known holders of Claims and/or Equity Interests, as defined in the Plan, in accordance with the applicable provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's *Order* at **Dkt. No. 71** (the "Procedures Order"). The Plan, the Ballots, and a notice of the Confirmation Hearing were transmitted and served in substantial compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Procedures Order, and such transmittal and service were adequate and sufficient. Adequate and sufficient notice of the Confirmation Hearing was given in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Procedures Order and no other or further notice is or shall be required.

3. Solicitation. The solicitation of votes for acceptance or rejection of the Plan complied with all applicable law, including Bankruptcy Rules 3017.2 and 3018, and the Procedures Order.

---

Bankr. P. 7052 and 9014(c). Any of the findings of fact herein are also deemed, to the extent appropriate, to be conclusions of law, and any conclusions of law herein are similarly deemed to be findings of fact and shall be equally binding as such.

4. Distribution. All procedures used to distribute the solicitation materials to the applicable holders of Claims and Equity Interests, and to tabulate the Ballots were fair, and in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court, and the Procedures Order.

5. Voting. In accordance with the *Report of Balloting for the Debtor's Amended Plan of Reorganization Dated August 28, 2026,* [**Dkt. No. 82**], and the *Summary of the Ballots* attached thereto, all classes of impaired Claims or Equity Interests voted to accept the Plan or are deemed to have voted to accept the Plan.

6. Confirmation Standard. Confirmation of a plan filed under Subchapter V of the Bankruptcy Code is governed by Section 1191 of the Bankruptcy Code. Confirmation of the Plan in this case is consensual because, as set forth below, Section 1129(a)(8) and (10) of the Bankruptcy Code have been met and, therefore, Section 1191(a) applies. Section 1191(a) states that the Court shall confirm the Plan "only if all of the requirements of section 1129(a), other than paragraph (15) of that section, of this title have been met."

7. Plan Complies with Bankruptcy Code (11 U.S.C. § 1129(a)(1)). The Plan complies with the applicable provisions of the Bankruptcy Code.

i. Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)). The Claims or Equity Interests placed in each Class are substantially similar to other Claims or Equity Interests in each such Class. The Plan properly classifies Claims and Interests. In addition to Administrative Expense Claims and Priority Claims, which are not classified under the Plan, the Plan designates five Classes of Claims and one Class of Equity Interests. Article IV of the Plan provides for the separate classification of Claims and Interests into six distinct Classes based on differences in their legal nature or priority. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Equity Interests created under

the Plan, and such Classes do not unfairly discriminate between holders of Claims or Equity Interests.

ii. Specify Unimpaired Classes (11 U.S.C. § 1123(a)(2)). There are no unimpaired Classes of Claims under the Plan.

iii. Specify Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)). Classes 1 through 3 (Secured Claims), Class 4 (Nonpriority Unsecured Claims), Class 5 (Critical Vendors) and Class 6 (Interests) are all designated as impaired under the Plan. Article IV of the Plan specifies the treatment of impaired Claims and Equity Interests.

iv. No Discrimination (11 U.S.C. § 1123(a)(4)). The Plan provides for the same treatment for each Claim and Equity Interest in each respective Class unless the holder of a particular Claim or Equity Interest has agreed to less favorable treatment with respect to such Claim or Interest.

v. Implementation of Plan (11 U.S.C. § 1123(a)(5)). The Plan provides adequate and proper means for implementation of the Plan through ongoing operations of the Reorganized Debtor.

vi. Required Corporate Charter Provisions (11 U.S.C. § 1123(a)(6)). The Plan provides for a single class of equity securities with the right to vote on the Plan. Therefore, the Plan does not prefer one class of equity security holders over any other class of equity security holders.

vii. Selection of Officers and Directors (11 U.S.C. § 1123(a)(7)). The Plan provides that the current equity security holder shall retain his interests in the Reorganized Debtor in the same amount as in the Debtor. Hence, the Plan contains only provisions that are consistent with the interests of Creditors and Equity Interests and with public policy with respect to the manner of selection of the successor to the Debtor and management of the Debtor.

viii. Additional Plan Provisions (11 U.S.C. § 1123(b)). The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including provisions for (a) the assumption or rejection of all executory contracts and unexpired leases, and (b) the resolution of certain disputes between and among the Debtor and other parties in interest, if any.

ix. Bankruptcy Rule 3016(a). The Plan is dated and identifies the entity submitting it.

8. The Debtor Has Complied with Bankruptcy Code (11 U.S.C. § 1129(a)(2)). The Debtor has complied with the applicable provisions of the Bankruptcy Code.

i. The Debtor is a proper proponent of the Plan under Sections 1121(c) and 1189(a) of the Bankruptcy Code.

ii. The Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and other orders of the Court in transmitting the Plan and related documents and notices, and in soliciting and tabulating votes on the Plan.

9. Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)). The Debtor proposed the Plan in good faith and not by any means forbidden by law. The Debtor filed the proposed Plan with the legitimate and honest purposes of, among other things, reaching a fair, equitable, and expeditious resolution of the complex legal issues presented by this Bankruptcy Case.

10. Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)). Any payment made or to be made under the Plan for services or for costs and expenses in, or in connection with the Bankruptcy Case, including all fees and expenses incurred by professionals, the Trustee, or in connection with the Plan and incident to the Bankruptcy Case, has been approved by, or is subject to the approval of, the Court as reasonable.

11. Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)). The Debtor has disclosed the identity and affiliations of the successor to the Debtor under the Plan, and the management of that successor. Robert Upwall currently manages the Debtor and shall continue as manager of the Reorganized Debtor. Mr. Upwall's continuance as manager of the Reorganized Debtor is consistent with the interests of Creditors and Equity Interests and with public policy.

12. No Rate Changes (11 U.S.C. § 1129(a)(6)). The Debtor is not subject to the jurisdiction of any governmental regulatory commission over rate changes.

13. Best Interests of Creditors Test (11 U.S.C. § 1129(a)(7)). This test has been met because each Class of Claims that is impaired and entitled to vote under the Plan voted to accept the Plan or is deemed to have accepted the Plan.

14. Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)). Each Class of impaired Claims has either affirmatively accepted the Plan or is deemed to have accepted the Plan.

15. Treatment of Administrative Expense Claims and Priority Tax Claims (11 U.S.C. § 1129(a)(9)). Except to the extent the holder of a particular Claim has agreed to a different treatment of such Claim, the Plan provides that Administrative Expense Claims pursuant to Section 507(a)(1) of the Bankruptcy Code and Priority Claims pursuant to Sections 507(a)(2) through 507(a)(8) of the Bankruptcy Code shall be treated in accordance with the provisions of Section 1129(a)(9). The Debtor's counsel has agreed to be paid on or after the Effective Date of the Plan for services and costs incurred after the Petition Date.

16. Acceptance by at Least One Impaired Class (11 U.S.C. § 1129(a)(10)). All Classes of Claims have accepted, or are deemed to have accepted, the Plan and the affirmative acceptance of at least one of such accepting impaired Classes has been determined without including the votes of any Insiders.

17. Feasibility (11 U.S.C. §§ 1129(a)(11)). The Debtor has presented credible and persuasive evidence that it will be able to make all payments required to be made under the Plan and will otherwise be able to satisfy all obligations under the Plan.

18. Payment of Fees (11 U.S.C. § 1129(a)(12)). ~~Because no fees are payable under 28 U.S.C. § 1930, this provision does not apply.~~ All fees under 28 U.S.C. § 1930 have been paid or are not required to be paid.

19. Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)). Because the Debtor has no obligation to provide retiree benefits, this provision does not apply.

20. No Domestic Support (11 U.S.C. § 1129(a)(14)). Section 1129(a)(14) does not apply to this non-individual Debtor.

21. Transfers (11 U.S.C. § 1129(a)(16)). Section 1129(a)(16) does not apply in this Bankruptcy Case.

22. No Other Plan (11 U.S.C. § 1129(c)). No other plan has been filed in connection with the Bankruptcy Case.

23. Principal Purpose of Plan (11 U.S.C. § 1129(d)). The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933 (15 U.S.C. § 77e).

24. Tax documents. All required tax documents have been filed with the Court.

**ACCORDINGLY, THE COURT CONCLUDES AS FOLLOWS**:

A. All applicable provisions of Section 1129(a) of the Bankruptcy Code have been met and, therefore, the Court is required to confirm the Plan under Section 1191(a) of the Bankruptcy Code.

B. The Plan, a copy of which is docketed in this Bankruptcy Case at **Dkt. No. 70** and which is attached to the Confirmation Order to be entered herein, is **APPROVED** and **CONFIRMED.**

************ END OF DOCUMENT ***********

**DESIGNATION OF SERVICE**

Service of the foregoing **FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER CONFIRMING DEBTOR'S AMENDED PLAN OF REORGANZATION AUGUST 28, 2026,** shall be served upon the parties and in the manner as designated below:

**By Electronic Service**: The parties of record in this case, as identified below as registered CM/ECF users.

- **Darwin H. Bingham dbingham@scalleyreading.net, cat@scalleyreading.net**
- **P. Matthew Cox mcox@spencerfane.com, tking@spencerfane.com**
- **Andres' Diaz courtmail@adexpresslaw.com**
- **Timothy J. Larsen tlarsen@adexpresslaw.com**
- **Kevin Neiman trustee@ksnpc.com, CO40@ecfcbis.com**
- **James A Sorenson jsorenson@rqn.com, docket@rqn.com;ajohnson@rqn.com**
- **United States Trustee USTPRegion19.SK.ECF@usdoj.gov**
- **Aaron M. Waite aaronmwaite@agutah.gov**
- **Melinda Willden tr melinda.willden@usdoj.gov, Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov;Brittany.Dewitt@usdoj.gov**

**By U.S. Mail:** In addition to the parties receiving notice through the CM/ECF system, the following parties should be served the foregoing **FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER CONFIRMING DEBTOR'S AMENDED PLAN OF REORGANZATION AUGUST 28, 2026** pursuant to Fed.R.Civ.P.5(b).

Every Blooming Thing, LLC
1344 South 2100 East
Salt Lake City, UT 84108